WILLIAM S. HOYT and others *vs.* W. W. BRADEN and others.

April 12, 1881.

Town bonds in aid of Railroad—Condition precedent.—The doctrine of *Coe* v. *Caledonia & Mississippi Ry. Co.*, *ante*, p. 197, followed, and applied to the facts of this case. In voting town bonds under Sp. Laws 1875, *c.* 132, in aid of a railroad, it is competent for the town to stipulate, as a condition precedent to issuing the bonds, that the same shall be made payable at a place designated, and on or before the expiration of 20 years, at the option of the town. Such a condition is not repugnant to a clause in the statute providing that the bonds "shall be payable in not less than ten nor more than twenty years."

Plaintiffs, as resident freeholders and tax-payers of the town of Canton in Fillmore county, brought this action in the district court for that county, to restrain the town and the defendant Braden from delivering, and the defendant, The Caledonia, Mississippi & Western Railroad Company, from receiving, certain bonds voted and executed by the town in

aid of the railroad, and placed in the hands of said Braden for delivery, and praying for a temporary writ of injunction. On filing the complaint, the temporary writ was granted by *Page*, J.

The complaint showed that on June 13, 1879, under Sp. Laws 1875, *c*. 132, a petition signed by more than ten of the freeholders of the town, accompanied with a proposition from the railroad company, was presented to the proper officers, asking that a special meeting of the town be called for the purpose of voting aid to the railroad; that all proceedings were taken as required by law, and that at a special meeting of the town, held June 28, 1879, the proposition was defeated by a vote of the meeting; that subsequently, and on July 15, 1879, another petition and proposition were presented to the proper officers, asking for the issue of bonds in aid of the railroad to the amount of $12,000, such bonds to be payable on or before twenty years from date, and to be issued and delivered to defendant Braden, who should deliver the same to the railroad company, upon its completing and having in operation its road into, and erecting a depot in the town "near the centre section line running north and south through said town, on either section twenty-one or twenty-two," on or before December 1, 1879; that thereupon all proceedings required by law were had, and on July 26, 1879, at a special meeting of the town the proposition was accepted by a majority vote of the meeting, and that the bonds so authorized have been issued and placed in the hands of defendant Braden, who threatens to deliver them to the defendant railroad company. The complaint further alleges that there was no legal authority or right to issue the bonds, and that they are illegal and unauthorized.

The defendants answered, and moved that the injunction be dissolved, which motion was granted by *Farmer*, J., for the reason that the facts set forth in the complaint were not sufficient in law to justify the same. Plaintiffs appeal from the order dissolving the injunction.

*H. G. Day* and *Wilson & Gale*, for appellants, made the same points and cited the same cases as in *Coe* v. *Caledonia & Mississippi Ry. Co., ante,* p. 197.

The proceedings were irregular in that they permitted the petitioners and the railroad company to make all the rules and regulations concerning the bonds. This power belonged to the supervisors. Sp. Laws 1875, *c.* 132, § 5. See *People* v. *Spencer,* 55 N. Y. 1.

It was error to dissolve the injunction after an answer which did not deny the equities of the bill, and before the trial. Hilliard on Injunctions, (3d Ed.) pp. 118, 119, 123, 125 and cases cited; High on Injunctions, §§ 899 and 902 and cases cited; *Chetwood* v. *Brittan,* 2 N. J. Eq. 438; *Purnell* v. *Daniel,* 8 Ired. (N. C.) Eq. 9; *Attorney General* v. *Oakland County Bank,* Walk. (Mich.) 90.

*H. R. Wells* and *Griffith & Knight,* for respondents.

CORNELL, J. The previous refusal of the legal voters of the town of Canton to give their consent to a similar proposition for extending aid to the defendant railroad company in the construction of its road, did not exhaust the power which was conferred upon the town by the provisions of Sp. Laws 1875, *c.* 132, and thereby make invalid the second election, which resulted in favor of issuing the bonds in controversy. *Coe* v. *Caledonia & Mississippi Ry. Co., ante,* p. 197.

The point that the special election in this case was called without authority, and void, because of the stipulation which was embodied in the proposition that was submitted to the electors and was voted upon by them, that required the location of a depot at a particular place in the town as a condition to granting the aid asked for, was also presented in that case, and authoritatively decided against the position taken by the respondent in the case at bar. In discussing the effect of this special statute (chapter 132, *supra*) upon the authority of the towns and villages embraced within its provisions to vote bonds in aid of a designated railway, either with or

without conditions of any kind, the court say, (page 203 :) "Inasmuch as and because the act of 1875 does not prohibit conditions, it is entirely competent for the legal voters of the [town] to impose such conditions upon an issue of bonds voted by them under such act as they may deem best; provided, of course, that they are not in violation of some express provision of the act mentioned, or some other statute,.. and are not prohibited by any general rule of public policy."

This view of the statute, which recognizes the legal right of any town acting under it to annex to any grant of aid it may make in aid of any railroad enterprise any condition deemed beneficial to itself which is not repugnant to the statute or any rule of public policy, is also decisive of the point which is here made, that the option of paying the bonds voted to be issued, before their maturity, upon 30 days' notice, that was reserved to the town in the proposition for aid which was mentioned in the petition and notice of election, and which was voted upon, was unauthorized, and hence; that all the proceedings that were had under such petition were void.

The law which conferred upon the town of Canton, as one of the towns of Fillmore county, authority to issue the bonds in question, provides, in terms, that they shall be payable in not less than ten nor more than twenty years from the date of their issue. It may be conceded that this was a limitation upon the power to issue bonds which was conferred upon the town, restraining it from levying any tax for paying the bonds, or entering into any contract obligating it to pay any portion of them, before the end of ten years from the date of their issue, and that any contract of that character on the part of the town would be in direct contravention of the statute and void. Reserving the privilege, however, of paying its bonds at any time before their maturity, and of inserting a clause to that effect in the bonds it might issue, created no obligation whatever against the town, and imposed no duty

upon it in respect to them. It did not even assume that the town would be able, under the authority conferred upon it by the statute or otherwise, to exercise the option thus reserved within the period of ten years, or that it intended to exercise it in the absence of any competent legislative authority. Its only legal effect was to bind the railway company, and whoever might become the lawful holders of the bonds, to accept payment whenever the town might be in a situation, in the exercise of a lawful authority, to levy a tax and make the payment, and should see fit thereupon to avail itself of the benefits of its option to pay its bonds before maturity. The stipulation in this regard, which is objected to by defendants, is not deemed repugnant to any provision of the special statute in question, nor contrary to any general rule of public policy, and the point taken upon it is overruled.

In answer to the contention that because the proposition for aid which was submitted to the electors, and was voted upon by them, prescribed the manner of the delivery, and the place and manner of the payment of the bonds voted for, the proceedings thereon were therefore void, inasmuch as that was a matter for the determination of the supervisors, under the act, after the issue of the bonds was voted for, and which they could not delegate, it is sufficient to observe that they fully exercised the authority which was vested in them in that regard, in the resolutions which were passed at the meeting of the board of supervisors held on the eighth of August next after the special election, whereby the specific stipulations which were embodied in the proposition that had been previously acted upon and approved by the legal voters of the town concerning the issue and delivery of the bonds, and their place of payment, were adopted as their own; and such previous approval by the voters did not vitiate their action or decision in the premises, or render it any the less effective as an act of their own. *Warsop* v. *City of Hastings,* 22 Minn. 442.

Inasmuch as the complaint itself disclosed no equities whatever, entitling the plaintiff to the relief sought, the preliminary injunction ought not to have been granted, and the subsequent order for its dissolution, which is the subject of the appeal herein, is affirmed.